```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/14/2020_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        -against-

ELIJAH BURT,

                      Defendant.

20 Cr. 78-10 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendant, Elijah Burt, is detained at the Metropolitan Correctional Center, *see* Def. Letter at 2, ECF No. 90, awaiting trial on one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962; and one count of aiding and abetting an assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2.  *See* Indictment, ECF No. 1.  Now before the Court is Defendant's application for temporary release on bail pursuant to 18 U.S.C. § 3142(i), based on: (1) the health risks posed by COVID-19, and (2) Sixth Amendment access to counsel.  *See generally* Def. Letter.

    The Court has authority to grant Defendant temporary release pursuant to § 3142(i), which provides that a court "may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  A court must, however, "balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention.  In turn, whether temporary release under § 3142(i) is proper requires the individualized analysis of the facts of each case."  *United States v. Chambers*, 20 Cr. 135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks and citation omitted).

    In reviewing Defendant's application, the Court has considered the factors under § 3142(g), which are: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a . . . firearm"; (2) "the weight of the evidence against the person"; (3) the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

    The Court concludes that release is not appropriate, due to the dangerousness of the Defendant, who is alleged to have participated in the beating and slashing of a rival gang member, as well as armed robberies.  Gov't Letter at 4, 6, ECF No. 92; *see also id.* at 4–6 (summarizing surveillance video evidence showing an individual, alleged to be Defendant, repeatedly kicking the victim in the head).  Moreover, Defendant, who is 22 years old, does not suffer from any apparent medical conditions designated as high risk factors for COVID-19.  *See id.* at 7–8.  Last, Defendant's request for release is not compelled under the Sixth Amendment; with trial scheduled for nine months from now, this case is distinguishable from other instances in which an imminent evidentiary hearing may support a defendant's temporary release.  *See, e.g., United States v.*

*Stephens*, 15 Cr. 95, 2020 WL 1295155, at *3 (S.D.N.Y. Mar. 19, 2020) (concluding that temporary release was justified in part to enable the defendant to prepare for an evidentiary hearing only six days away).

      Accordingly, Defendant's application for temporary release is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 90.

      SO ORDERED.

Dated: April 14, 2020
       New York, New York

                                        ANALISA TORRES
                                   United States District Judge